


RECEIVED
IN LAKE CHARLES, LA

DEC 27 2011
PAH
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RON WILLIAMS CONSTRUCTION INC. | : | DOCKET NO. 2:11 CV 1558 |
| VS. | : | JUDGE MINALDI |
| LIDE INDUSTRIES, LLC | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss for Improper Venue [Doc. 7], filed by the defendant, Lide Industries, LLC ("Lide"). The plaintiff, Ron Williams Construction, Inc. ("RWC"), filed an Opposition [Doc. 10], and Lide filed a Reply [Doc. 14].

### BACKGROUND

RWC is a Louisiana corporation with offices in Sulphur, Louisiana and Beaumont, Texas.[1] On August 8, 2008, it entered into a contract to purchase nine stainless steel storage tanks from Lide, a Delaware Limited Liability Company with its principal and only place of business in Freestone County, Texas.[2]

Several months later, RWC requested that Lide suspend its construction of the tanks.[3] At that time, RWC agreed to pay Lide a portion of the purchase price sufficient to cover Lide's

---

[1] State Court Pet. ¶ 1 [Doc. 1-1]; Pl.'s Opp. to Def.'s Mot. to Dismiss Ex. 1, Aff. of Jeremy Moran 1 [Doc. 10-1].

[2] Pet. ¶ 3; Def.'s Reply to Pl.'s Opp. to Def.'s Mot. to Dismiss Ex. B, Purchase Order [Doc. 14-2].

[3] *Id.* ¶ 9.

construction costs up to that date.[4] It contends, however, that it never canceled its order.[5] Rather, it maintains that the parties agreed that Lide would merely delay construction of the tanks temporarily.[6]

Lide employees nevertheless sold the partially completed tanks and related materials to a metal dealer in Limestone County Texas.[7] As a result, RWC alleges that Lide failed to fulfill the purchase order.[8]

On August 1, 2011, RWC filed this action in the 14th Judicial District Court for Calcasieu Parish, Louisiana, alleging breach of contract, conversion, and negligent misrepresentation.[9] Lide timely removed to this court on the basis of diversity of citizenship.[10] It now seeks dismissal of the suit for lack of venue under Federal Rule of Civil Procedure 12(b)(3).[11] It argues that venue is improper under 28 U.S.C. § 1391(a) because Lide does not reside in the Western District of Louisiana, and no substantial portion of the events giving rise to RWC's claim occurred in this district.[12] Alternatively, Lide seeks transfer of this action to the

---

[4] *Id.* ¶ 17; Def.'s Mot. to Dismiss Ex. A, Aff. of Jeff Forrest ¶ 10 [Doc. 7-2].

[5] Pet. ¶ 13.

[6] *Id.*

[7] *Id.* ¶¶ 19-20; Aff. of Jeff Forrest ¶ 11.

[8] Pet. ¶ 21.

[9] *Id.* ¶¶ 22-25.

[10] Notice of Removal ¶ 6 [Doc. 1].

[11] Def.'s Mot. to Dismiss ¶¶ 1-2.

[12] *Id.*

Waco Division of the United States District Court for the Western District of Texas.[13]

## ANALYSIS

### I. Motion to Dismiss

The general venue statute, 28 U.S.C. § 1391, has no application to cases removed from state court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Rather, venue for removed actions is governed by 28 U.S.C. § 1441(a), which provides that venue is proper in the district in which the state court action was pending prior to removal. Lide removed this action from the 14th Judicial District Court for Calcasieu Parish, Louisiana. Because Calcasieu Parish is located within the Western District of Louisiana, this court is a proper venue for this action. Lide's Motion to Dismiss must therefore be denied.

### II. Motion to Transfer Venue

Lide alternatively requests that the court transfer the case to the Western District of Texas.

#### A. Legal Standard

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer is committed to the sound discretion of the district court and should be made to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citing *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960)).

---

[13] *Id.* ¶¶ 3-4.

In assessing a motion to transfer, the Court first must determine whether the judicial district to which the defendant is seeking transfer is one in which the claim originally could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*]. If the complaint could have been filed in the alternate venue, the court must then assess whether transfer would further the interests of convenience and justice. *Id.*

The relative convenience of a forum turns on a number of private and public interest factors, none of which is given dispositive weight. *In re Volkswagen of America, Inc.* 545 F.3d 304, 315 (5th Cir. 2008) (en banc) [hereinafter *Volkswagen II*] (citations omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6 (1981)). The public concerns include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law." *Id.*

The plaintiff's choice of forum should be given substantial weight. *Coons v. American Horse Show Assoc.*, 533 F. Supp. 398, 400 (S.D. Tex. 1982). The defendant therefore bears the burden of clearly demonstrating that a change of venue is warranted. *Volkswagen II*, 545 F.3d at 315. A court should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005).

4

### B. Analysis

#### (1) Appropriateness of Alternative Venue

The Western District of Texas is a proper venue for the adjudication of this matter. Where all defendants in a civil action reside in the same state, the action may be brought in any judicial district in which at least one defendant resides. 28 U.S.C. § 1391(a)(1). A corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Lide, the sole defendant in this case, maintains its principal and only place of business in Freestone County, Texas, which lies within the Western District of Texas.[14] Lide is therefore subject to personal jurisdiction in that district, and venue is proper there. *See Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 318 (E.D. N.Y. 2010) (holding that because a corporation had its principal place of business in New Jersey, it was subject to personal jurisdiction there and resided there for purposes of §1391(a)(1)).

#### (2) Convenience

Nevertheless, the court finds that Lide has failed to show that the Western District of Texas is clearly a more convenient forum. Its motion does not address the majority of the public or private interest factors listed in *Volkswagen II*. Rather, Lide asserts that transfer is appropriate because the events giving rise to RWC's causes of action all occurred in the Western District of Texas. Specifically, Lide argues that the basis for each of RWC's causes of action is that Lide employees improperly disposed of tanks requested and paid for by RWC. That action, if it occurred at all, occurred at Lide's place of business in Freestone County. Accordingly, Lide

---

[14] Aff. of Jeff Forrest ¶ 2.

asserts, the majority of witnesses with personal knowledge of the actions giving rise to RWC's complaint will be Lide employees who reside and work in Freestone County, Texas.

The parties, however, have not yet identified any lay or expert witnesses who will testify at the trial of this matter. A party seeking transfer based on convenience of the witnesses "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp.2d 925, 929 (E.D. Tex. 1999). Lide's unsupported assertion that unidentified Lide employees residing in Freestone County will testify at the trial of this matter, while "few, if any, witnesses are foreseen to reside in the Western District Louisiana"[15] is insufficient to carry its burden.

Moreover, the parties do not appear to dispute that Lide disposed of the partially completed storage tanks by selling them to a scrap metal dealer.[16] Rather, the primary dispute in this case appears to concern whether Lide's failure to instead provide the tanks to RWC constituted a breach of the parties' agreement.[17] Employees of both companies are likely to possess knowledge of the terms of the purchase agreement and any modifications the parties made to it. Therefore, the court is not persuaded that a majority of the key witnesses in this case will be Lide employees.

Lide additionally argues that (1) counsel for both parties are located in Texas, (2) Lide's documents are located in the Western District of Texas, and (3) transfer would not cause undue

---

[15] *See* Mem. in Supp. of Def.'s Mot. to Dismiss 17 [Doc. 7-1].

[16] *See* Pet. ¶¶ 19-20; Aff. of Jeff Forrest ¶ 11.

[17] *See* Pet. ¶ 18-19, 21; Reply to Pl.'s Opp. to Def.'s Mot. to Dismiss Ex. A, Supplemental Aff. of Jeff Forrest ¶ 6 [Doc. 14-2].

prejudice or delay.[18] RWC's counsel, however, is located in Port Arthur, Texas, which is significantly closer to the Lake Charles Division of the Western District of Louisiana than the Waco Division of the Western District of Texas. Furthermore, because the parties conducted the majority of their negotiations by telephone,[19] both parties are likely to possess pertinent documents and records. Finally, Lide's contention that transfer would not cause undue delay or prejudice does not support its argument that the Western District of Texas is a more appropriate forum in which to adjudicate this matter.

Because Lide has failed to carry its burden of showing that the Western District of Texas is clearly a more convenient forum than the Western District of Louisiana, its Motion to Transfer will be denied.

## CONCLUSION

For the foregoing reasons, Lide's Motion to Dismiss for Improper Venue and its Motion to Transfer will be denied.

Lake Charles, Louisiana, this 21 day of December 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[18] *See* Mem. in Supp. of Def.'s Mot. to Dismiss 16-18.

[19] *See* Aff. of Jeremy Moran 1; Aff. of Jeff Forrest ¶ 13.